**FILED**
**Mar 27, 2020**
**02:16 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **WENDY CUNNINGHAM** | ) | **Docket No.: 2019-05-1358** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **TRUSTPOINT HOSPITAL, LLC,** | ) | **State File No.: 48297-2018** |
| **Employer,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **ACE AMERICAN INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER
## DENYING BENEFITS
### *(DECISION ON THE RECORD)*

---

This case came before the Court on March 24, 2020, for an Expedited Hearing on the record without an in-person hearing. The central legal issue is whether Ms. Cunningham is likely to establish at a hearing on the merits that she is entitled to return to her original authorized treating physician (ATP). For the reasons below, the Court holds Ms. Cunningham is not entitled to the requested benefits.

## History of Claim

While working for Trustpoint on June 15, 2018, a patient assaulted Ms. Cunningham. She reported an injury, and Trustpoint provided treatment with Dr. Frank Thomas until he referred her to an orthopedic specialist.

Following that referral, Ms. Cunningham treated with orthopedic surgeon, Dr. Lucas Richie, until the following March. Dr. Richie's treatment included de Quervain's release surgery. When Ms. Cunningham complained of continuing pain, Dr. Richie

1

referred her for a second opinion.

On Dr. Richie's referral, Trustpoint provided a panel of orthopedic specialists, and Ms. Cunningham selected Dr. Douglas Weikert on February 14, 2019. Dr. Weikert treated Ms. Cunningham until April 10. At that time, he assessed residual right-wrist pain following DeQuervain's release, and her primary complaint was hand and arm weakness. Dr. Weikert did not feel Ms. Cunningham was a surgical candidate, and he released her with no permanent restrictions at maximum medical improvement. He also said, "I will see her back in [the] clinic on an as needed basis from here on out. . . I have instructed the patient to notify me immediately for any clinical change."

Ms. Cunningham began part-time work with a new employer but experienced panic attacks when left alone with patients. She requested a return Dr. Thomas, but Trustpoint denied her request. She seeks an Order allowing her to return to Dr. Thomas to evaluate her need for psychiatric/psychological treatment.

Trustpoint contends that Dr. Thomas is no longer Ms. Cunningham's ATP. It argued that Dr. Weikert remains the authorized provider. It also questions whether Ms. Cunningham's psychiatric symptoms are causally-related to her work injury.

Ms. Cunningham filed an Expedited Hearing request on February 12, 2020. Trustpoint filed a response opposing a hearing on the record.

In a March 5 Docketing Notice, the Court determined it was appropriate to decide the issues in this case upon a review of the written materials and without an evidentiary hearing. It also identified the written materials it intended to consider and allowed the parties seven business days to file position statements and any objections to the admissibility of those materials. Neither party filed an objection, although Trustpoint filed a position statement.

**Findings of Fact and Conclusions of Law**

Ms. Cunningham must provide sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Regarding Ms. Cunningham's request to see Dr. Thomas as her ATP, the Court first notes that the parties submitted no proof as to whether she selected Dr. Thomas (or Dr. Richie) from a panel. However, Ms. Cunningham acquiesced to treatment with Dr. Thomas and seeks to return to him. Thus, the Court finds that Dr. Thomas was the first authorized treating physician. The parties do not dispute that he referred Ms. Cunningham for specialized orthopedic treatment, which eventually led her to Dr.

2

Wiekert.

This type of referral is specifically addressed in Tennessee Code Annotated section 50-6-204(a)(3)(E):

> In all cases where the treating physician has referred the employee to a specialist physician, . . . the specialist physician . . . to which the employee has been referred, or selected by the employee from a panel provided by the employer, shall become the treating physician until treatment by the specialist physician . . . concludes and the employee has been referred back to the treating physician selected by the employee from the initial panel provided by the employer[.]

Under this section, Dr. Weikert became the ATP. The question then is whether he referred Ms. Cunningham back to her first treating physician, Dr. Thomas. The Court finds that he did not.

Ms. Cunningham is correct that Dr. Weikert found her to be at maximum medical improvement and released her with no permanent restrictions. This might meet the "until treatment concludes" requirement of section 50-6-204(a)(3)(E). However, the statute requires more than the conclusion of treatment. It also requires a referral back to the original treating physician. Dr. Weikert made no explicit referral. Further, he said he would see Ms. Cunningham "on an as needed basis from here on out. . . I have instructed the patient to notify me immediately for any clinical change." The Court cannot infer a referral when the plain meaning of the words indicates his intent to continue treating Ms. Cunningham if she has additional problems.

For these reasons, Ms. Cunningham appears unlikely to prevail at trial in establishing that she is entitled to return to Dr. Thomas at this time. Dr. Weikert remains her authorized provider, and Ms. Cunningham can return to him for further treatment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Cunningham's requested relief is denied at this time.

2. This case is set for a Status Hearing on May 21, 2020, at 9:00 a.m. Please call toll-free at 855-874-0473 to participate. Failure to call or appear might result in a determination of the issues without your further participation. All conferences are set using Central Time.

**ENTERED March 27, 2020.**

3

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**


## APPENDIX

Exhibits:
1. Ms. Cunningham's Rule 72 Declaration Under Penalty of Perjury, including medical records contained in Exhibit A.
2. February 14, 2019 Panel selection of Dr. Weikert.
3. Exhibits to Trustpoint's Objection to Request for Expedited Hearing and Decision on the Record.

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Ms. Cunningham's Legal Brief in Support of Petition for Medical Benefits
5. Trustpoint's Objection to Request for Expedited Hearing
6. Ms. Cunningham's Reply Brief to Objection
7. Trustpoint's Position Statement

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on March 27, 2020.

| Name | Certified Mail | Via Email | Service sent to: |
|---|---|---|---|
| Christopher D. Markel, Employee's attorney | | X | cmarkel@markelfirm.com |
| Marcia Dawn McShane, Employee's attorney | | X | mmcshane@constangy.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*